**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**BOROWITZ & CLARK, LLP**
M. Erik Clark, Esq.
eclark@blclaw.com
100 N. Barranca Street, Suite 250
West Covina, CA 91791
Telephone: (626) 332-8600
Facsimile: (626) 332-8644

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL MEJIA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

Case No.:                                                   *Mejia v. Equifax Information Services LLC*
**PLAINTIFF DANIEL MEJIA'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *ET SEQ.***

# INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on both the sources that provide credit information to credit reporting agencies ("CRAs"), called "furnishers" as well as CRAs and "resellers" of information.

2. Plaintiff Daniel Mejia ("Plaintiff"), through Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant EQUIFAX INFORMATION SERVICES LLC ("Defendant") with regard to Defendant's reporting of erroneous negative and derogatory information on Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendant's willful and negligent failure to properly investigate the inaccurate data Defendant is reporting in consumers' credit files; and Defendant's failure to correct such, which Defendant knew or should have known was erroneous and which caused Plaintiff damages.

///

///

3. More specifically, Plaintiff brings this Complaint, by and through Plaintiff's attorneys, for damages arising out of the systematic issuance of erroneous credit reports by Defendant. Defendant has erroneously reported continual monthly payment obligations on accounts that have been closed and/or paid in full and/or discharged in Bankruptcy.

4. Defendant has negligently and willfully failed to employ reasonable procedures—including procedures readily available to them of which they are aware—to ensure maximum possible accuracy of their credit reports.

5. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

8. Any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1681p.

11. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Bernardino, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of San Bernardino, County of San Bernardino, in the State of California.

15. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

16. Defendant is a limited liability company incorporated under the laws of the State of Georgia and authorized to do business in the State of California.

17. Defendant is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of furnishing to third parties reports of consumers' credit histories, commonly referred to as "credit reports," and defined as "consumer reports" under 15 U.S.C. § 1681a (hereinafter, "Credit Reports").

18. Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is each a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f).

19. The FCRA and the facts alleged in this Complaint relate to inaccurate and materially misleading credit information that was reported by Defendant regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in

part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## BANKRUPTCY ALLEGATIONS

20. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

21. Furthermore, Defendant conducted business within the State of California at all times relevant.

22. In or about 2005, Plaintiff allegedly incurred financial obligations to original creditor, Bank of America, N.A., that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.

23. In or about 2014, Plaintiff filed for a Chapter 13 Bankruptcy.

24. Said Bankruptcy petition included Plaintiff's debt with Bank of America, N.A. for account number: 488893105672****.

25. The account with Bank of America, N.A. was subsequently discharged and the account with Bank of America, N.A. was closed on or about December of 2014.

26. To date Defendant is reporting that the pay status of Plaintiff's account is "30 – 59 Days Past Due."

27. Defendant completely fails to report that the Debt was included in Plaintiff's Chapter 13 Bankruptcy.

28. Defendant's reporting is inaccurate as the account is closed and discharged making Plaintiff's monthly payment obligation $0.

29. Another such debt was a debt owed to Springleaf Financial Services which is now known as OneMain Financial Services.

30. As previously stated in or about 2014, Plaintiff filed for a Chapter 13 Bankruptcy.
31. Said Bankruptcy petition also included Plaintiff's consumer debt with Springleaf for account 508297702177****.
32. The account with Springleaf was subsequently discharged and that account with Springleaf was closed on or about December of 2014.
33. To date, Defendant is reporting that the account was paid in full, has a zero balance, and is closed.
34. Defendant also continues to report a $894.00 monthly payment owed to Springleaf.
35. This is inaccurate as the account is closed and has also been discharged making Plaintiff's monthly payment obligation $0.
36. The failure to correctly report the $0 monthly payment inaccurately and misleadingly suggests that Plaintiff still has a personal legal liability to pay the alleged debts to Bank of America, N.A. and Springleaf, which is the opposite effect of receiving a bankruptcy discharge.
37. Defendant's reporting of post-Bankruptcy derogatory information is also inaccurate and materially misleading because Defendant continued reporting information based on Plaintiff's pre-bankruptcy contract terms with both Bank of America, N.A. and Springleaf, which were no longer enforceable upon the filing of the Bankruptcy and ultimate successful discharge, thereby rendering the disputed information inaccurate and materially misleading.
38. Potential creditors familiar with Defendant's standard credit reporting methods would be misled by seeing Defendant reporting post-Bankruptcy account balances and delinquencies with respect to the Bank of America, N.A. and the Springleaf debts to believe that Plaintiff incurred new debts during the Bankruptcy or that Plaintiff reaffirmed said debts notwithstanding

the discharge because Defendant's reporting deviated from Metro 2 reporting instructions.

39. However, Plaintiff did not incur new debt with Bank of America, N.A. nor with Springleaf during the Bankruptcy proceeding or reaffirm said debts in the Bankruptcy.

40. Accordingly, by reporting post-Bankruptcy derogatory information, Defendant did not comply with the Metro 2 format.

41. Even if Defendant reported accurately elsewhere in the same account tradeline that said debts were included in the Bankruptcy, such reportings would be patently inconsistent, confuse potential creditors, and thus, be inherently inaccurate and materially misleading.

42. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

43. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit rating.

44. Accordingly, Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

## U.S.C. § 1681E(B) ALLEGATIONS

45. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

46. Furthermore, Defendant conducted business within the State of California at all times relevant.

47. At some point prior to the filing of this matter, Plaintiff resolved a number of debts owed to various furnishers.

48. One such debt was a debt owed to Arrowhead Credit Union.

49. With regard to Plaintiff's account: 75647529****, Defendant is reporting that the account was paid in full, has a zero balance, and is closed.

50. However, Defendant also continues to report a $284.00 monthly payment owed to Defendant.

51. Since Plaintiff's account was paid in full and closed, Plaintiff's monthly payment should be reported as $0

52. Additionally, with regard to Plaintiff's Springleaf account: 410297702179****, Defendant is also reporting that the account was paid in full, has a zero balance, and is closed.

53. However, Defendant also continues to report a $123.00 monthly payment owed to Springleaf.

54. Since Plaintiff's account was paid in full and closed, Plaintiff's monthly payment should be reported as $0.

55. Another such debt was a debt owed to Wells Fargo Bank, National Association.

56. With regard to Plaintiff's Wells Fargo account: 10623083484****, Defendant is reporting that the account was paid in full, has a zero balance, and is closed.

57. However, Defendant also continues to report a $38.00 monthly payment owed to Wells Fargo.

58. Since Plaintiff's account was paid in full and closed, Plaintiff's monthly payment should be reported as $0.

59. To report these continuing monthly payment obligations is patently incorrect, misleading, and fails to comply with the Metro 2 Guidelines.

60. This inaccurate reporting will adversely affect credit decisions since credit guarantors are made aware of Plaintiff's current income during the application process.

61. By reporting continuing monthly payments as opposed to a $0 monthly payment, Defendant misrepresents Plaintiff's monthly financial obligations and gives the false impression that Plaintiff has less funds available to satisfy the new credit currently being applied for.

62. Defendant's inaccurate and negative reportings damaged Plaintiff's creditworthiness.

63. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's credit rating.

64. Accordingly, Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

## CLASS ALLEGATIONS

65. Plaintiff brings this action on Plaintiff's own behalf, and on behalf of all others similarly situated.

66. Plaintiff is among many thousands of persons in the United States who have his or her credit information compiled and reported by Defendant regarding financial obligations incurred that have been subsequently paid in full, and currently have a $0 balance owed to the original creditor.

67. Plaintiff is also among many thousands of persons in the United States who have filed bankruptcies pursuant to Chapters 7 and 13 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court. Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of bankruptcies, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged as non-dischargeable by one of the creditors in a related adversary proceeding.

Plaintiff and the Class Members are persons for whom the debts at issue have been discharged through bankruptcy.

68. Defendant has knowledge of when debts are paid in full, when accounts are closed, and when debts are discharged through Bankruptcy.

69. Despite the fact that Defendant has knowledge and notice of when accounts are paid in full and/or closed, Defendant has a deliberate policy of not accurately reporting that said debts are no longer currently still due and owing because they have been paid in full. As a result of Defendant's refusal to make such updates to consumers' credit reports, debts that have been paid in full and/or closed with a $0 balance are instead listed on Class Members' credit reports as a current debt that is due. These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt. These notations therefore adversely affect a Class Member's ability to obtain credit or employment.

70. Despite the fact that Defendant also has received notice of the discharge of each Class Member's debt to the creditors, Defendant has a deliberate policy of not accurately reporting that said debts are no longer "charged off" or currently still due and owing because they have been discharged in Bankruptcy. As a result of Defendant's refusal to make such updates to consumers' credit reports, debts that have been discharged in bankruptcy are instead listed on Class Members' credit reports as "past due" and/or "charged off." These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt and that debt may be subject to collection. These notations therefore adversely affect a Class Member's ability to obtain credit or employment and have the inherent coercive effect of inducing Class Members to make payment on the debt.

71. Defendant knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to a consumer's regular day-to-day life.

72. Defendant has chosen not to accurately report the fact that the Class Members' debts have been paid in full and/or closed with a $0 balance or that said debts have been discharged in Bankruptcy.

73. Defendant has adopted a systematic pattern and practice of failing and refusing to update credit information with regard to debts paid in full and/or closed with a $0 balance.

74. Plaintiff defines the FCRA Classes as:
    (i) all persons with addresses within in the United States; (ii) who have account(s) furnished to Defendant; (iii) where said account(s) were discharged in Bankruptcy; (vii) where Defendant failed to accurately report the account(s) as discharged in Bankruptcy; (viii) within one year prior to the filing of the Complaint in this action.
    (ii) all persons with addresses within in the United States; (ii) who have account(s) furnished to Defendant; (iii) where said account(s) was paid in full; (v) where said account(s) was closed; (vi) where said account(s) had a $0 balance; (vii) where Defendant reported a monthly payment obligation; (viii) within one year prior to the filing of the Complaint in this action.

75. Defendant and their employees or agents are excluded from the Classes.

76. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

77. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

78. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Classes. The questions of law and fact common to The Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant has a standard procedure of failing to report accounts as discharged in Bankruptcy;

    b. Whether Defendant has a standard procedure of continuing to report a monthly payment obligation after an account is paid and/or closed with a $0 balance and/or discharged;

    c. Whether such practices violate the FCRA;

    d. Whether members of the Classes are entitled to the remedies under the FCRA;

    e. Whether members of the Classes are entitled to declaratory relief;

    f. Whether Defendant should be enjoined from reporting such inaccurate information;

    g. Whether members of the Classes are entitled to injunctive relief; and,

    h. Whether Defendant can satisfy Defendant's bona fide error affirmative defense.

79. Plaintiff will fairly and adequately protect the interest of the Classes.

80. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving credit reporting practices.

81. Plaintiff's claims are typical of the claims of The Classes, which all arise from the same operative facts involving reporting a monthly payment obligation after an account is paid and/or closed with a $0 balance and/or discharged in Bankruptcy.

82. A class action is a superior method for the fair and efficient adjudication of this controversy.

83. Class-wide damages are essential to induce Defendant to comply with the federal laws alleged in the Complaint.

84. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal.

85. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

86. Plaintiff and the Class seek injunctive relief against Defendant to refrain from reporting such inaccurate information when Defendant knows or should know that the information is inaccurate.

87. Defendant has acted on grounds generally applicable to the Classes thereby making appropriate final declaratory relief with respect to the Classes as a whole.

88. Members of the Classes are likely to unaware of their rights.

89. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

## FIRST CAUSE OF ACTION

### WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN VIOLATION OF 15 U.S.C. § 1681E(B)

90. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth here.

91. Defendant is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

92. Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, are "consumer reporting agencies" within the meaning of 15 U.S.C. § 1681a(f).

93. In preparing Credit Reports, Defendant has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff in violation of 15 U.S.C. § 1681e(b).

94. In preparing Credit Reports, Defendant has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to debts that have been paid in full and/or closed and/or with a $0 balance in violation of 15 U.S.C. § 1681e(b).

95. As a result of Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Defendant has erroneously reported as due and legally owed one or more of the discharged debts of Plaintiff.

96. As a result of Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Defendant has erroneously reported as due and legally owed one or more of the debts of Plaintiff that have previously been paid in full and/or closed and/or with a $0 balance.

97. Defendant's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is willful within the meaning of 15 U.S.C. § 1681n(a).

98. As a result of Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff and the Class Members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2).

99. As a further result of Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) Plaintiff's and the Class Members' statutory rights to be able to apply for credit based on accurate information have been violated, placing Plaintiff and the Class Members at increased risk of not being able to obtain valuable credit and adversely affecting their credit ratings and causing other actual damages.

100. Defendant should have known that Defendant's reporting was inaccurate since the furnisher(s) at issue herein reported that the accounts were paid in full and closed with a $0 balance and/or discharged in Bankruptcy.

101. The industry standard pursuant to Metro 2 in such a situation is to report a $0 scheduled monthly payment.

## SECOND CAUSE OF ACTION

**NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF CREDIT REPORTS IN VIOLATION OF 15 U.S.C. § 1681E(B)**

102. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth here.

103. In preparing credit reports relating to Plaintiff, Defendant has failed to follow reasonable procedures to assure maximum accuracy of information they put in Credit Reports in violation of 15 U.S.C. § 1681e(b).

104. As a result of Defendant's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Defendant has erroneously reported one or more of the discharged debts of Plaintiff as due and legally owed in Credit Reports.

105. As a result of Defendant's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Defendant has erroneously reported one or more of paid in full and/or close and/or $0 balance accounts of Plaintiff as due and legally owed in Credit Reports.

106. Defendant's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is negligent within the meaning of 15 U.S.C. § 1681o(a).

107. As a result of Defendant's negligent violation of the requirements of 15 U.S.C. § 1681e(b), Plaintiff's and the Class Members' statutory rights to be able to apply for credit based on accurate information have been violated, placing Plaintiff and the Class Members at increased risk of not being able to obtain valuable credit and adversely affecting their credit ratings and causing other actual damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper;
- That the practices and procedures of Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the FCRA;
- That, in accordance with 15 U.S.C. §§ 1681n(a) and 1681o(a), judgment be entered in favor of Plaintiff and against Defendant for statutory and/or punitive damages in amounts to be determined at trial;

///

///

- That, in accordance with 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), Plaintiff be awarded the costs of this action together with reasonable attorney's fees; and,

- That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as may be deemed equitable and just.

**Trial By Jury**

108. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 3, 2018                                                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ MATTHEW M. LOKER
MATTHEW M. LOKER, ESQ.
ML@KAZLG.COM
ATTORNEY FOR PLAINTIFF